IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**ROSALIND STUBBS,**

    **Plaintiff,**

vs.                                                                 Case No. 4:11cv160-WS/WCS

**MICHAEL J. ASTRUE**
**Commissioner of Social Security,**

    **Defendant.**

_____/

## REPORT AND R ECOMMENDATION

This cause is before the Court upon referral from the clerk. In an order filed July 7, 2011, Plaintiff was directed to file a memorandum in support of his position by August 31, 2011. Doc. 9. Because Plaintiff failed to file a response to that order, a show cause order was entered on September 12, 2011, allowing Plaintiff one final opportunity to file his memorandum within 15 days. Plaintiff was warned of dismissal if he failed to respond. Doc. 10. To date, Plaintiff has failed to file a response.

A trial court has inherent power to dismiss a case sua sponte for failure to prosecute. See Link v. Wabash R.R., 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). Fed. R. Civ. P. 41(b) authorizes a district court to dismiss an action for failure to obey a court order. Moon v. Newsome, 863 F.2d 835, 838 and cases cited (11th Cir.)

*cert. denied*, 493 U.S. 863 (1989).  Because Plaintiff has failed to prosecute his case, his complaint should be dismissed.

It is therefore respectfully **RECOMMENDED** that this case be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

**IN CHAMBERS** at Tallahassee, Florida, on October 7, 2011.

s/ William C. Sherrill, Jr.
WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**